IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI ROUNDTABLE FOR LIFE,
a Missouri Benevolent Corporation, and
FREDERIC N. SAUER,

                Plaintiffs,

        vs.

ROBIN CARNAHAN, in her individual
capacity and as Secretary of State of
Missouri, and SUSAN MONTEE, in her
individual capacity and as Auditor of
State of Missouri,

             Defendants.

Cause No.

**PLAINTIFFS DEMAND
TRIAL BY JURY**

## COMPLAINT—CIVIL RIGHTS ACT—INJUNCTIVE RELIEF —CIVIL DAMAGES—CONSPIRACY

### A. <u>Introduction and Nature of the Case</u>

1.    In this action, plaintiffs seek redress against the defendants, who individually and in their official capacities as the Secretary of State of the State of Missouri ("Secretary") and as the Auditor of the State of Missouri ("Auditor"), jointly and severally, have, in bad faith, intentionally engaged in a systematic, persistent and continuous campaign of unlawfully and inaccurately manipulating initiative petition language and fiscal note statements related thereto so as to mislead and confuse Missouri voters and to create prejudice against proposed constitutional amendments prepared and filed lawfully by the plaintiffs.  The constitutional rights

that have been and continue to be violated include, but not by way of limitation, free speech, equal protection, and due process rights.

2.      As set forth with more particularity hereafter, the Secretary and Auditor in the past have persistently failed and refused to fairly, properly and legally discharge their duties as such, jointly and severally, to plaintiffs regarding initiative petitions, and continue at the present to refuse to fairly, properly and legally discharge their said duties.

3.      As set forth with more particularity hereafter, the Secretary has in the past persistently failed and refused to fairly, properly and legally discharge her duties as such to plaintiffs regarding initiative petitions, and continues at the present to refuse to fairly, properly and legally discharge her said duties, with the specific intent of frustrating plaintiffs' efforts to place certain initiatives before the voters of the State of Missouri, in accordance with Missouri law, and with the specific intent of violating and infringing plaintiffs' constitutional rights as set forth herein.

4.      As set forth with more particularity hereafter, the Auditor has in the past persistently failed and refused to fairly, properly and legally discharge her duties as such to plaintiffs regarding initiative petitions, and continues at the present to refuse to fairly, properly and legally discharge her said duties, with the specific intent of frustrating plaintiffs' efforts to place certain initiatives before the voters of the State of Missouri, in accordance with Missouri law, and with the specific intent of violating and infringing plaintiffs' constitutional rights as set forth herein.

5.      As set forth with more particularity hereafter, the Secretary and
Auditor have conspired and continue to conspire together to refuse to fairly,
properly and legally discharge their duties as such to plaintiffs regarding initiative
petitions, with the specific intent of frustrating plaintiffs' efforts to place certain
initiatives before the voters of the State of Missouri, in accordance with Missouri
law, and with the specific intent of violating and infringing plaintiffs' constitutional
rights as set forth herein.

## B. Parties

6.      Plaintiff Missouri Roundtable for Life ("MRFL") is a non-profit
corporation in good standing, with its principal offices located in St. Louis County,
Missouri.  MRFL is organized and existing under Missouri law and pays various
taxes to the State of Missouri.

7.      Plaintiff Frederic N. Sauer ("Sauer") is an individual, a Missouri
registered voter, a taxpayer, and a Director of MRFL.  He resides in St. Louis County,
Missouri.

8.      Defendant Robin Carnahan is, and at all times material hereto has
been, the duly elected, qualified, and acting Secretary of State of the State of
Missouri.  As such, she is charged by law with implementing the provisions of the
Missouri Constitution and Chapter 116, R.S.Mo., relating to initiative petitions.  She
is charged with upholding and complying with the Missouri Constitution in the
discharge of her statutory duties.

9.      Defendant Susan Montee is, and at all times material hereto has been,
the duly elected, qualified, and acting Auditor of the State of Missouri.  As such, she

is charged by law with implementing the provisions of the Missouri Constitution and

Chapter 116, R.S.Mo., relating to initiative petitions.  She is charged with upholding

and complying with the Missouri Constitution in the discharge of her statutory

duties.

### C.  Jurisdiction and Venue

10.    Jurisdiction is conferred on the Court, for the resolution of the federal

and constitutional questions presented, by 28 U.S.C. §§ 1331 and 1343.  Redress for

federal constitutional violations is sought pursuant to 42 U.S.C. § 1983.

11.    The jurisdiction of the Court to grant declaratory relief is conferred by

28 U.S.C. §§ 2201 and 2202 and by Rule 57, Fed. R. Civ. P.

12.    Venue is correct in the Eastern District of Missouri because one of the

defendants, Robin Carnahan, resides within this district, a substantial part of the

events giving rise to this claim occurred within this district, and a substantial

number of the witnesses to testify in this case reside within this district.

### D.  Healthcare for Low-Income Missourians Amendment

13.    On March 19, 2008, pursuant to R.S.Mo. § 116.332, plaintiffs

submitted to the Secretary a sample petition page for an amendment to the Missouri

Constitution that would direct that in any fiscal year, the first $200 million

disbursed from the Life Sciences Research Trust Fund shall be expended on primary

healthcare for low-income Missourians but not on any abortion services, human

cloning, or prohibited human research as such terms are defined in R.S.Mo. §

196.1127, L.2003, H.B. 688 (hereinafter "The Healthcare for Low-Income

Missourians Amendment").  The sample petition page includes the proposed form of

the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution. A copy of the sample petition is attached hereto, marked "Exhibit 1" and by reference made a part hereof.

14. The Healthcare for Low-Income Missourians Amendment seeks to add the following language to the Missouri Constitution to direct that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians but not on any abortion services, human cloning, or prohibited human research:

> Section 38(e). In any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians, provided, however, that no such funds shall be expended on abortion services, human cloning, or prohibited human research, as such terms are defined in the Revised Statutes of Missouri Section 196.1127, L.2003, H.B.688. (Exhibit 1)

15. Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended so that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians, provided, however, that no such funds shall be expended on abortion services, human cloning, or prohibited human research, as such terms are defined in the Revised Statutes of Missouri Section 196.1127 as passed by the general assembly in 2003? (Exhibit 2)

16. By letter dated March 31, 2008, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 3" and by reference made a part hereof.

17.    The language of the ballot title proposed by plaintiffs is nearly identical to the language of The Healthcare for Low-Income Missourians Amendment and consists of 72 words, including articles and citations (Exhibits 1 and 2).

### D(i)  Secretary Provides a Summary Statement

18.    After certifying the form of the petition, the Secretary provided a summary statement consisting of 41 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words" (R.S.Mo. § 116.334).  The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

19.    On April 22, 2008, the Secretary certified the following 41 word summary statement "b" (Exhibit 4) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

(a) Plaintiffs' Summary Ballot Statement

Shall the Missouri Constitution be amended so that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians, provided, however, that no such funds shall be expended on abortion services, human cloning, or prohibited human research, as such terms are defined in the Revised Statutes of Missouri Section 196.1127 as passed by the general assembly in 2003?

(b) Secretary's Summary Ballot Statement

Shall the Missouri Constitution be amended to reduce the amount of money available by 200 million dollars to improve the quality of life sciences research in Missouri and redirect this money solely to pay for certain primary healthcare for low-income Missourians?

The above summary statement (b) is contained in a letter dated April 22, 2008 from Michael Bushmann, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 5" and by reference made a part hereof.

20.     The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### D(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

21.     The Secretary forwarded the sample petition page concerning The Healthcare for Low-Income Missourians Amendment to the Auditor and requested a fiscal note and fiscal note summary.  By letter dated April 9, 2008, the Auditor forwarded to the Attorney General a fiscal note and fiscal note summary, a copy of which is attached hereto, marked "Exhibit 6" and by reference made a part hereof.

22.     The Auditor's 55 word fiscal note summary states as follows:

> For fiscal year 2008, the state authorized $13.5 million in spending from the Life Sciences Research Trust Fund to increase life science research capacity. This proposal requires the first $200 million from the fund, annually, be spent on healthcare for low-income Missourians. The total costs or savings to state and local governmental entities are unknown. (Exhibit 4)

23.     In violation of her statutory duties under R.S.Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of the The Healthcare for Low-Income

Missourians Amendment, but those comments did not comply with the statutory requirement that such proposed statements be "in a manner consistent with the standards of the government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo. § 116.175.1.

24.    More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

25.    By Certification of Official Ballot Title dated April 22, 2008, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 4" and by reference made a part hereof.

26.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### E. <u>Restoration of Legislative Control Amendment</u>

27.     On March 19, 2008, pursuant to R.S.Mo. § 116.332, plaintiffs

submitted to the Secretary a sample petition page for an amendment to the Missouri

Constitution that would restore to the Missouri general assembly the power to

appropriate, eliminate, reduce, deny, or withhold public funds as to stem cell and

other research (hereinafter "The Restoration of Legislative Control Amendment").

The sample petition page includes the proposed form of the petition as it would

actually be circulated to Missouri voters to obtain their signatures. In addition to

signature blanks and certain language required by statute, the petition page also

includes the actual language sought to be added to the Missouri Constitution.  A

copy of the sample petition is attached hereto as Exhibit 7.

28.     The Restoration of Legislative Control Amendment seeks to add the

following language to the Missouri Constitution to restore legislative control over

public funding of research purportedly permitted by Section 38(d) of the

Constitution:

> Section 38(e).  Nothing in Section 38(d) of Article III of
> the Missouri Constitution shall be construed as limiting
> in any way the powers of the Missouri general assembly
> to appropriate, eliminate, reduce, deny, or withhold any
> public funds. (Exhibit 7)

29.     Together with the sample petition, plaintiffs submitted a proposed

ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended so that
> nothing in Section 38(d) of Article III of the Missouri
> Constitution shall be construed as limiting in any way
> the powers of the Missouri general assembly to

appropriate, eliminate, reduce, deny, or withhold any
public funds?  (Exhibit 8)

30.    By letter dated March 31, 2008, the Secretary gave final approval to

the form of the petition for circulation, a copy of which is attached hereto, marked

"Exhibit 9" and by reference made a part hereof.

31.    The language of the ballot title proposed by plaintiffs is nearly

identical to the language of the Restoration of Legislative Control Amendment and

consists of 44 words, including articles and citations (Exhibits 7 and 8).

### E(i)  *Secretary Provides a Summary Statement*

32.    After certifying the form of the petition, the Secretary provided a

summary statement consisting of 89 words, including articles and citations.

Missouri law requires the Secretary to draft a "concise statement not exceeding one

hundred words." R.S.Mo. § 116.334. The statement must use language "neither

intentionally argumentative nor likely to create prejudice either for or against the

proposed measure." Id.

33.    On April 22, 2008, the Secretary certified the following 89 word

summary statement "b" (Exhibit 10) which, for purposes of comparison, is set forth

next to plaintiff's proposed summary statement "a," as follows:

(a) Plaintiffs' Summary Statement

Shall the Missouri Constitution be amended so that nothing in Section 38(d) of Article III of the Missouri Constitution shall be construed as limiting in any way the powers of the Missouri general assembly to appropriate, eliminate, reduce, deny, or withhold any public funds?

(b) Secretary's Summary Statement

Shall the Missouri Constitution be amended to repeal current provisions approved by voters in 2006 which guaranteed Missouri patients access to stem cell therapies and cures and permitted researchers to conduct stem cell research in accordance with federal law by:

• allowing the Missouri legislature or state officials to eliminate, reduce or deny access to state funds for institutions involved in stem cell research, therapies and cures; and

• allowing the Missouri legislature or state officials to ban or limit the access of Missourians to stem cell research, therapies and cures?

The above summary statement (b) is contained in a letter dated April 22, 2008 from Michael Bushmann, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 11" and by reference made a part hereof.

34.    The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### E(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

35.    The Secretary forwarded the sample petition page concerning The Restoration of Legislative Control Amendment to the Auditor and requested a fiscal

note and fiscal note summary.  By letter dated April 9, 2008, the Auditor forwarded

to the Attorney General a fiscal note and fiscal note summary.  A copy of the

Auditor's letter and enclosed fiscal note are attached hereto as Exhibit 12.

36.    The Auditor's 40 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities if state
> funds for certain research activities are eliminated,
> reduced, denied, or withheld. However, the total costs
> to state and local governmental entities are unknown.
> (Exhibit 12)

37.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the

Auditor accepted and considered comments, which purported to be "statements of

fiscal impact" estimating the costs of The Restoration of Legislative Control

Amendment, but those comments did not comply with the statutory requirement

that such proposed statements be "in a manner consistent with the standards of the

government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo.

§ 116.175.1.

38.    More specifically, the Auditor considered and included various

purported "statements of fiscal impact" that did not comply with the "standards of

the governmental accounting standards board" or with § 23.140, R.S.Mo., and

instead are regurgitations of information submitted in opposition to various other

proposed constitutional amendments, including without limitation other

amendments proposed by plaintiffs as well as other, unrelated, proposed

amendments submitted by other, unrelated, groups and/or individuals.

39.    By Certification of Official Ballot Title dated April 22, 2008, the

Secretary certified the summary statement and fiscal note summary, and delivered

copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 10" and by reference made a part hereof.

40.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### F.  Restoration of Appropriations Power Amendment

41.    On March 19, 2008, pursuant to R.S.Mo. §116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would assure the power of the Missouri general assembly over appropriations of money and public funds by repealing section 38(d) of Article III of the Missouri Constitution, which purports to divest the appropriations power of the general assembly relating to stem cell and other research (hereinafter "The Restoration of Appropriations Power Amendment"). The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution. A copy of the sample petition is attached hereto as Exhibit 13.

13

42.     The Restoration of Appropriations Power Amendment seeks to add the following language to the Missouri constitution to restore legislative control over public funding of research purportedly permitted by Section 38(d) of the Constitution:

> Section 38(e).  In order to assure the power of the Missouri general assembly over appropriations of money and public funds, Section 38(d) of Article III of the Constitution of Missouri is hereby repealed. (Exhibit 13)

43.     Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to assure the power of the Missouri general assembly over appropriations of money and public funds by repealing Section 38(d) of Article III?  (Exhibit 14)

44.     By letter dated March 31, 2008, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 15" and by reference made a part hereof.

45.     The language of the ballot title proposed by plaintiffs is nearly identical to the language of the Restoration of Appropriations Power Amendment and consists of 29 words, including articles and citations (Exhibits 13 and 14).

### F(i)  *Secretary Provides a Summary Statement*

46.     After certifying the form of the petition, the Secretary provided a summary statement consisting of 51 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." R.S.Mo. § 116.334. The statement must use language "neither

intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

47.     On April 22, 2008, the Secretary certified the following 51 word summary "b" (Exhibit 16) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended to assure the power of the Missouri general assembly over appropriations of money and public funds by repealing Section 38(d) of Article III? | Shall the Missouri Constitution be amended to repeal the "Missouri Stem Cell Research and Cures Initiative" approved by voters in November 2006 which banned human cloning and guaranteed Missouri patients access to stem cell therapies and cures and permitted Missouri researchers to conduct stem cell research in accordance with federal law? |

The above summary statement (b) is contained in a letter dated April 22, 2008 from Michael Bushmann, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 17" and by reference made a part hereof.

48.     The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

**F(ii)**  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

49.     The Secretary forwarded the sample petition page concerning The

Restoration of Appropriations Power Amendment to the Auditor and requested a

fiscal note and fiscal note summary.  The Auditor, by letter of April 9, 2008,

forwarded her fiscal note summary to the Attorney General's office.  The Auditor's

letter and enclosed fiscal note are attached hereto as Exhibit 18.

50.     The Auditor's 50 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities due to
> the repeal of certain research activities currently
> authorized by the Missouri Stem Cell Research and
> Cures Initiative in the Missouri Constitution. However,
> the total costs to state and local governmental entities
> are unknown.  (Exhibit 16)

51.     In violation of her statutory duties under R.S.Mo. § 116.175.1, the

Auditor accepted and considered comments, which purported to be "statements of

fiscal impact" estimating the costs of the Restoration of Appropriations Power

Amendment, but those comments did not comply with the statutory requirement

that such proposed statements be "in a manner consistent with the standards of the

government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo. §

116.175.1.

52.     More specifically, the Auditor considered and included various

purported "statements of fiscal impact" that did not comply with the "standards of

the governmental accounting standards board" or with § 23.140, R.S.Mo., and

instead are regurgitations of information submitted in opposition to various other

proposed constitutional amendments, including without limitation other

amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

53.    By Certification of Official Ballot Title dated April 22, 2008, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 16" and by reference made a part hereof.

54.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### G.  Taxpayer Protection Amendment

55.    On December 22, 2008, pursuant to RS Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would amend Article III, Section 38 of the Missouri Constitution by adding a section prohibiting the use of taxpayer (public) funds for abortion services, human cloning, or prohibited human research as those terms are defined in RS Mo. § 196.1127, (hereinafter "The Taxpayer Protection Amendment"). The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the

actual language sought to be added to the Missouri Constitution. A copy of the

sample petition is attached hereto, marked "Exhibit 19," and by reference made a

part hereof.

56.    The Taxpayer Protection Amendment seeks to add the following

language to the Missouri Constitution:

> One new section is adopted by adding one new section to be
> known as section 38(e) of Article III to read as follows:
>
> Section 38(e). It shall be unlawful to expend, pay, or grant
> any public funds for abortion services, human cloning, or
> prohibited human research, as such terms were defined by
> the 92nd Missouri general assembly in 2003, in Revised
> Statutes of Missouri Section 196.1127, L. 2003, H.B. 688.
> (Exhibit 19)

57.    Together with the sample petition, plaintiffs submitted a proposed

ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to make it
> unlawful to expend, pay, or grant any public funds for
> abortion services, human cloning, or prohibited human
> research, as such terms were defined by the Missouri
> general assembly in 2003?  (Exhibit 20)

58.    By letter dated January 6, 2009, the Secretary gave final approval to

the form of the petition for circulation, a copy of which is attached hereto, marked

"Exhibit 21" and by reference made a part hereof.

59.    The language of the ballot title proposed by plaintiffs is nearly

identical to the language of The Taxpayer Protection Amendment and consists of 39

words, including articles and citations (Exhibits 19 and 20).

### G(i)  *Secretary Provides a Summary Statement*

60.     After certifying the form of the petition, the Secretary provided a summary statement consisting of 75 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." RS Mo. § 116.334. The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

61.     On January 29, 2009, the Secretary certified the following 75 word summary statement "b" (Exhibit 22) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for abortion services, human cloning, or prohibited human research, as such terms were defined by the Missouri general assembly in 2003? | Shall the Missouri Constitution be amended to make it illegal for the legislature or state or local governments to expend, pay, or grant public funds to hospitals or other institutions for certain research and services, as defined by the general assembly in section 196.1127, Revised Statutes of Missouri, 2003, such as abortion services, including those necessary to save the life of the mother, and certain types of stem cell research currently allowed under Missouri law? |

A copy of the Secretary's Certification of Official Ballot Title dated January 29, 2009, is attached hereto as "Exhibit 22" and by reference made a part hereof. The above summary statement (b) is contained in a letter dated January 29, 2009, from Michael Bushmann, Deputy Secretary for Elections, to plaintiffs, a

copy of which is attached hereto, marked "Exhibit 23" and by reference made

a part hereof.

62.    The Secretary drafted and issued the above summary statement (b) in

language specifically designed to negatively affect voters' perceptions of and

reactions to the proposed amendment, and in direct violation of the requirement of

§ 116.334, R.S.Mo., that such statement must use language "neither intentionally

argumentative nor likely to create prejudice either for or against the proposed

measure."

### G(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

63.    The Secretary forwarded the sample petition page concerning The

Restoration of Legislative Control Amendment to the Auditor and requested a fiscal

note and fiscal note summary.

64.    The Auditor's 53 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities by
> prohibiting the use of public funds for certain research
> activities. Federal grants to state governmental entities
> for research and medical assistance programs may be in
> jeopardy. The total costs to state and local
> governmental entities are unknown.  (Exhibit 22)

65.    In violation of her statutory duties under RS Mo. § 116.175.1, the

Auditor accepted and considered comments, which purported to be "statements of

fiscal impact" estimating the costs of The Taxpayer Protection Amendment but

those comments did not comply with the statutory requirement that such proposed

statements be "in a manner consistent with the standards of the government

accounting standards board and section 23.140, R.S.Mo."  RS Mo. § 116.175.1.

66.     More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

67.     By Certification of Official Ballot Title dated January 29, 2009, the Secretary certified the summary statement and fiscal note summary, and mailed copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 22" and by reference made a part hereof.

68.     The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### H.  Abortion Services Amendment

69.     On February 19, 2009, pursuant to RS Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would amend Article III, Section 38 of the Missouri Constitution by adding a section prohibiting the use of taxpayer (public) funds for abortion services as that term is defined in RS Mo. § 196.1127, (hereinafter "The Abortion Services

Taxpayer Protection Amendment"). The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution. A copy of the sample petition is attached hereto, marked "Exhibit 24" and by reference made a part hereof.

70.     The Abortion Services Taxpayer Protection Amendment seeks to add the following language to the Missouri Constitution:

> One new section is adopted by adding one new section to be known as section 38(e) of Article III to read as follows:
>
> Section 38(e). It shall be unlawful to expend, pay, or grant any public funds for abortion services, as such term was defined by the 92nd Missouri general assembly in 2003, in Revised Statutes of Missouri Section 196.1127, L. 2003, H.B. 688. (Exhibit 24)

71.     Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for abortion services, as such term was defined by the Missouri general assembly in 2003? (Exhibit 25)

72.     By letter dated March 3, 2009, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 26" and by reference made a part hereof.

73.     The language of the ballot title proposed by plaintiffs is nearly identical to the language of The Abortion Services Taxpayer Protection Amendment and consists of 33 words, including articles and citations (Exhibits 24 and 25).

### H(i)  *Secretary Provides a Summary Statement*

74.     After certifying the form of the petition, the Secretary provided a summary statement consisting of 57 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." RS Mo. § 116.334. The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

75.     On March 25, 2009, the Secretary certified the following 57 word summary statement "b" (Exhibit 27) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Ballot Statement | (b) Secretary's Summary Ballot Statement |
|---|---|
| Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for abortion services, as such term was defined by the Missouri general assembly in 2003? | Shall the Missouri Constitution be amended to make it illegal for the legislature or state or local governments to expend, pay, or grant public funds to hospitals or other institutions for abortion services, as defined by the general assembly in section 196.1127, Revised Statutes of Missouri 2003, including those necessary to save the life of the mother? |

A copy of the Secretary's Certification of Official Ballot Title dated March 25, 2009, is attached hereto as Exhibit 27 and by reference made a part hereof. The above summary statement (b) is contained in a letter dated March 25, 2009 from Michael Bushmann, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 28" and by reference made a part hereof.

76.     The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### H(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

77.     The Secretary forwarded the sample petition page concerning The Taxpayer Protection Amendment to the Auditor and requested a fiscal note and fiscal note summary.   By letter dated March 12, 2009, the Auditor forwarded to the Attorney General a fiscal note and fiscal note summary, a copy of which is attached hereto, marked "Exhibit 29" and by reference made a part hereof.

78.     The Auditor's 27 word fiscal note summary states as follows:

> This proposal could jeopardize federal grants to state and local governmental entities for medical assistance programs. The total costs to state and local governmental entities are unknown.  (Exhibit 29)

79.     In violation of her statutory duties under RS Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of The Abortion Services Taxpayer Protection Amendment, but those comments did not comply with the statutory requirement that such proposed statements be "in a manner consistent with the standards of the government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo. § 116.175.1.

80.    More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

81.    By Certification of Official Ballot Title dated March 25, 2009, the Secretary certified the summary statement and fiscal note summary, and mailed copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 27" and by reference made a part hereof.

82.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

## I. Human Cloning Amendment

83.    On February 19, 2009, pursuant to to R.S.Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would amend Article III, Section 38 of the Missouri Constitution by adding a section prohibiting the use of taxpayer (public) funds for human cloning as that term is defined in RS Mo. § 196.1127, (hereinafter "The Human Cloning

Taxpayer Protection Amendment"). The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution. A copy of the sample petition is attached hereto, marked "Exhibit 30" and by reference made a part hereof.

84.    The Human Cloning Taxpayer Protection Amendment seeks to add the following language to the Missouri Constitution:

> One new section is adopted by adding one new section to be known as section 38(e) of Article III to read as follows:
>
> Section 38(e). It shall be unlawful to expend, pay, or grant any public funds for human cloning, as such term was defined by the 92nd Missouri general assembly in 2003, in Revised Statutes of Missouri Section 196.1127, L. 2003, H.B. 688. (Exhibit 30)

85.    Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for human cloning, as such term was defined by the Missouri general assembly in 2003? (Exhibit 31)

86.    By letter dated March 3, 2009, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 32" and by reference made a part hereof.

87.    The language of the ballot title proposed by plaintiffs is nearly identical to the language of The Human Cloning Taxpayer Protection Amendment and consists of 33 words, including articles and citations (Exhibits 30 and 31).

### I(i)  *Secretary Provides a Summary Statement*

88.    After certifying the form of the petition, the Secretary provided a

summary statement consisting of 42 words, including articles and citations.

Missouri law requires the Secretary to draft a "concise statement not exceeding one

hundred words" (R.S.Mo. § 116.334).  The statement must use language "neither

intentionally argumentative nor likely to create prejudice either for or against the

proposed measure." Id.

89.    On March 25, 2009, the Secretary certified the following 42 word

summary statement "b" (Exhibit 33) which, for purposes of comparison, is set forth

next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Ballot Statement | (b) Secretary's Summary Ballot Statement |
|---|---|
| Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for human cloning, as such term was defined by the Missouri general assembly in 2003? | Shall the Missouri Constitution be amended to make it illegal for the legislature or state or local governments to expend, pay, or grant public funds to hospitals or other institutions for certain types of stem cell research currently allowed under Missouri law? |

A copy of the Secretary's Certification of Official Ballot Title dated March 25,

2009, is attached hereto as "Exhibit 33" and by reference made a part hereof.

The above summary statement (b) is contained in a letter dated March 25,

2009 from Michael Bushmann, Deputy Secretary for Elections, to plaintiffs, a

copy of which is attached hereto, marked "Exhibit 34" and by reference made

a part hereof.

90.     The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### I(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

91.     On February 20, 2009, the Secretary forwarded the sample petition page concerning The Healthcare for Low-Income Missourians Amendment to the Auditor and requested a fiscal note and fiscal note summary.   By letter dated March 12, 2009, the Auditor forwarded to the Attorney General a fiscal note and fiscal note summary, a copy of which is attached hereto, marked "Exhibit 35" and by reference made a part hereof.

92.     The Auditor's 39 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities.
> Federal grants to state governmental entities for
> research programs may be in jeopardy.  The total costs
> to state and local governmental entities are unknown.
> (Exhibit 35)

93.     In violation of her statutory duties under R.S.Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of The Human Cloning Taxpayer Protection Amendment but those comments did not comply with the statutory requirement that such proposed statements be "in a manner consistent with the standards of the

government accounting standards board and section 23.140, R.S.Mo." R.S.Mo. § 116.175.1.

94.     More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

95.     By Certification of Official Ballot Title dated March 25, 2009, the Secretary certified the summary statement and fiscal note summary, and mailed copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 33" and by reference made a part hereof.

96.     The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

**J.  Prohibited Human Research Taxpayer Protection Amendment**

97.     On February 19, 2009, pursuant to R.S.Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would amend Article III, Section 38 of the Missouri Constitution by

adding a section prohibiting the use of taxpayer (public) funds for prohibited human research as that term is defined in RS Mo. § 196.1127, (hereinafter "The Prohibited Human Research Taxpayer Protection Amendment").  The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures.  In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution A copy of the sample petition is attached hereto as Exhibit 36.

98.     The Prohibited Human Research Taxpayer Protection Amendment seeks to add the following language to the Missouri Constitution:

> One new section is adopted by adding one new section to be known as section 38(e) of Article III to read as follows:
>
> Section 38(e).  It shall be unlawful to expend, pay, or grant any public funds for prohibited human research, as such term was defined by the 92nd Missouri general assembly in 2003, in Revised Statutes of Missouri Section 196.1127, L. 2003, H.B. 688.  (Exhibit 36)

99.     Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for human research, as such term was defined by the Missouri general assembly in 2003?  (Exhibit 37)

100.     By letter dated March 3, 2009, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 38" and by reference made a part hereof.

101.     The language of the ballot title proposed by plaintiffs is nearly identical to the language of The Prohibited Human Research Taxpayer Protection

Amendment and consists of 33 words, including articles and citations (Exhibits 36 and 37).

### J(ii)  *Secretary Provides a Summary Statement*

102.    After certifying the form of the petition, the Secretary provided a summary statement consisting of 59 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." R.S.Mo. § 116.334. The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

103.    On March 25, 2009, the Secretary certified the following 59 word summary statement "b" (Exhibit 39) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for human research, as such term was defined by the Missouri general assembly in 2003? | Shall the Missouri Constitution be amended to make it illegal for the legislature or state or local governments to expend, pay, or grant public funds to hospitals or other institutions for certain research, as defined by the general assembly in section 196.1127, Revised Statutes of Missouri 2003, including certain types of stem cell research currently allowed under Missouri law? |

A copy of the Secretary's Certification of Official Ballot Title dated March 25, 2009, is attached hereto as "Exhibit 39" and by reference made a part hereof.  The above summary statement (b) is contained in a letter dated March 25, 2009 from Michael

Bushmann, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 40" and by reference made a part hereof.

104.    The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### J(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

105.    On February 20, 2009, the Secretary forwarded the initiative petition sample sheet concerning The Prohibited Human Research Taxpayer Protection Amendment to the Auditor and requested a fiscal note and fiscal note summary.   By letter dated March 12, 2009, the Auditor forwarded to the Attorney General a fiscal note and fiscal note summary, a copy of which is attached hereto, marked "Exhibit 41" and by reference made a part hereof.

106.    The Auditor's 39 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities.
> Federal grants to state governmental entities for
> research programs may be in jeopardy.  The total costs
> to state and local governmental entities are unknown.
> (Exhibit 41)

107.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of The Prohibited Human Research Taxpayer Protection Amendment but those comments did not comply with the statutory

requirement that such proposed statements be "in a manner consistent with the standards of the government accounting standards board and RS Mo. § 23.140[.]" RS Mo. § 116.175.1.

108.    More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

109.    By Certification of Official Ballot Title dated March 25, 2009, the Secretary certified the summary statement and fiscal note summary, and mailed copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 39" and by reference made a part hereof.

110.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### K.  Healthcare for Low-Income Missourians Amendment II

111.    On June 15, 2009, pursuant to to R.S.Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri

33

Constitution that would direct that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians but not on any abortion services, human cloning, or prohibited human research as such terms are defined in R.S.Mo. § 196.1127, L.2003, H.B. 688 (hereinafter "The Healthcare for Low-Income Missourians Amendment").[1]  The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures.  In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution.  A copy of the sample petition is attached hereto, marked "Exhibit 42" and by reference made a part hereof.

112.    The Healthcare for Low-Income Missourians Amendment seeks to add the following language to the Missouri Constitution to direct that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians but not on any abortion services, human cloning, or prohibited human research:

> Section 38(e).  In any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians, provided, however, that no such funds shall be expended on abortion services, human cloning, or prohibited human research, as such terms are defined in the Revised Statutes of Missouri Section 196.1127, L.2003, H.B.688. (Exhibit 42)

113.    Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

---

[1] This initiative petition was plaintiff's second attempt with regard to this amendment; see Section "D" above.

> Shall the Missouri Constitution be amended so that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians, provided, however, that no such funds shall be expended on abortion services, human cloning, or prohibited human research, as such terms are defined in the Revised Statutes of Missouri Section 196.1127 as passed by the general assembly in 2003?  (Exhibit 43)

114.    By letter dated June 29, 2009, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 44" and by reference made a part hereof.

115.    The language of the ballot title proposed by plaintiffs is nearly identical to the language of The Healthcare for Low-Income Missourians Amendment and consists of 72 words, including articles and citations (Exhibits 42 and 43).

### K(i)  *Secretary Provides a Summary Statement*

116.    After certifying the form of the petition, the Secretary provided a summary statement consisting of 41 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words" (R.S.Mo. § 116.334.  The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

117.    On July 17, 2009, the Secretary certified the following 41 word summary statement "b" (Exhibit 45) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

(a) Plaintiffs' Summary Ballot Statement

(b) Secretary's Summary Ballot Statement

Shall the Missouri Constitution be amended so that in any fiscal year, the first $200 million disbursed from the Life Sciences Research Trust Fund shall be expended on primary healthcare for low-income Missourians, provided, however, that no such funds shall be expended on abortion services, human cloning, or prohibited human research, as such terms are defined in the Revised Statutes of Missouri Section 196.1127 as passed by the general assembly in 2003?

Shall the Missouri Constitution be amended to reduce the amount of money available by 200 million dollars to improve the quality of life sciences research in Missouri and redirect this money solely to pay for certain primary healthcare for low-income Missourians?

A copy of the Secretary's Certification of Official Ballot Title dated July 17, 2009, is attached hereto, marked "Exhibit 45" and by reference made a part hereof. The above summary statement (b) is contained in a letter dated July 17, 2009 from Waylene Hiles, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 46" and by reference made a part hereof.

118.    The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### K(ii) *Auditor Provides a Fiscal Note and Fiscal Note Summary*

119.    On June 15, 2009, the Secretary forwarded the initiative petition

sample sheet concerning The Healthcare for Low-Income Missourians Amendment

to the Auditor and requested a fiscal note and fiscal note summary.

120.    As directed and requested by the Secretary, the Auditor prepared a

fiscal note and fiscal note summary.

121.    The Auditor's 54 word fiscal note summary states as follows:

> For fiscal year 2010, the state budgeted $28.7 million
> for Medicaid benefits and $13.3 million for increasing
> research capacity from the Life Sciences Research Trust
> Fund. This proposal requires the first $200 million,
> annually, be spent on healthcare for low-income
> Missourians. The total costs or savings to state and local
> governmental entities are unknown.  (Exhibit 45)

122.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the

Auditor accepted and considered comments, which purported to be "statements of

fiscal impact" estimating the costs of the The Healthcare for Low-Income

Missourians Amendment, but those comments did not comply with the statutory

requirement that such proposed statements be "in a manner consistent with the

standards of the government accounting standards board and section 23.140,

R.S.Mo."  R.S.Mo. § 116.175.1.

123.    More specifically, the Auditor considered and included various

purported "statements of fiscal impact" that did not comply with the "standards of

the governmental accounting standards board" or with § 23.140, R.S.Mo., and

instead are regurgitations of information submitted in opposition to various other

proposed constitutional amendments, including without limitation other

amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

124.    By Certification of Official Ballot Title dated July 17, 2009, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 45" and by reference made a part hereof.

125.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

## L.  Restoration of Legislative Control Amendment II

126.    On July 6, 2009, pursuant R.S.Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would restore to the Missouri general assembly the power to appropriate, eliminate, reduce, deny, or withhold public funds as to stem cell and other research (hereinafter "The Restoration of Legislative Control Amendment").[2]  The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures.  In addition to signature blanks and certain language required by statute, the petition page also includes the

---

[2] This initiative petition was plaintiff's second attempt with regard to this amendment; see Section "E" above.

actual language sought to be added to the Missouri Constitution.  A copy of the

sample petition is attached hereto as Exhibit 47.

     127.    The Restoration of Legislative Control Amendment seeks to add the

following language to the Missouri constitution to restore legislative control over

public funding of research purportedly permitted by Section 38(d) of the

Constitution:

> Section 38(e).  Nothing in Section 38(d) of Article III of
> the Missouri Constitution shall be construed as limiting
> in any way the powers of the Missouri general assembly
> to appropriate, eliminate, reduce, deny, or withhold any
> public funds.  (Exhibit 47)

     128.    Together with the sample petition, plaintiffs submitted a proposed

ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended so that
> nothing in Section 38(d) of Article III of the Missouri
> Constitution shall be construed as limiting in any way
> the powers of the Missouri general assembly to
> appropriate, eliminate, reduce, deny, or withhold any
> public funds?  (Exhibit 48)

     129.    By letter dated July 17, 2009, the Secretary gave final approval to the

form of the petition for circulation a copy of which is attached hereto, marked

"Exhibit 49" and by reference made a part hereof.

     130.    The language of the ballot title proposed by plaintiffs is nearly

identical to the language of The Restoration of Legislative Control Amendment and

consists of 44 words, including articles and citations (Exhibits 47 and 48).

## L(i)  *Secretary Provides a Summary Statement*

131.    After certifying the form of the petition, the Secretary provided a summary statement consisting of 89 words, including articles and citations. Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." R.S.Mo. § 116.334. The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

132.    On August 6, 2009, the Secretary certified the following 89 word summary statement "b" (Exhibit 50) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended so that nothing in Section 38(d) of Article III of the Missouri Constitution shall be construed as limiting in any way the powers of the Missouri general assembly to appropriate, eliminate, reduce, deny, or withhold any public funds? | Shall the Missouri Constitution be amended to repeal current provisions approved by voters in 2006 which guaranteed Missouri patients access to stem cell therapies and cures and permitted researchers to conduct stem cell research in accordance with federal law by:<br><br>• allowing the Missouri legislature or state officials to eliminate, reduce or deny access to state funds for institutions involved in stem cell research, therapies and cures; and<br><br>• allowing the Missouri legislature or state officials to ban or limit the access of Missourians to stem cell research, therapies and cures? |

A copy of the Secretary's Certification of Official Ballot Title dated August 6, 2009, is attached hereto, marked "Exhibit 50," and by reference made a part hereof.    The above summary statement (b) is contained in a letter dated August 6, 2009 from Waylene Hiles, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 51" and by reference made a part hereof.

133.    The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### L(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

134.    On July 7, 2009, the Secretary forwarded the initiative petition sample sheet concerning The Restoration of Legislative Control Amendment to the Auditor and requested a fiscal note and fiscal note summary.

135.    The Auditor's 40 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal impact on state and local governmental entities if state funds for certain research activities are eliminated, reduced, denied, or withheld. However, the total costs to state and local governmental entities are unknown. (Exhibit 50)

136.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of The Restoration of Legislative Control Amendment, but those comments did not comply with the statutory requirement

that such proposed statements be "in a manner consistent with the standards of the government accounting standards board and section 23.140, R.S.Mo." R.S.Mo. § 116.175.1.

137. More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

138. By Certification of Official Ballot Title dated August 6, 2009, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 50" and by reference made a part hereof.

139. The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

## M.  Restoration of Legislative Control Amendment III

140. On July 6, 2009, pursuant R.S.Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution

that would restore to the Missouri general assembly the power to appropriate, eliminate, reduce, deny, or withhold public funds as to stem cell and other research (hereinafter "The Restoration of Legislative Control Amendment").[3]  The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures.  In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution.  A copy of the sample petition is attached hereto as Exhibit 52.

141.    The Restoration of Legislative Control Amendment seeks to add the following language to the Missouri constitution to restore legislative control over public funding of research purportedly permitted by Section 38(d) of the Constitution:

> One section is amended by amending section 38(d) of Article III and one new section is adopted by adding one new section to be known as section 38(e) of Article III to read as follows:
>
> Section 38(e).  Nothing in Section 38(d) of Article III of the Missouri Constitution shall be construed as limiting in any way the powers of the Missouri general assembly to appropriate, eliminate, reduce, deny, or withhold any public funds.  (Exhibit 52)

142.    Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended so that nothing in Section 38(d) of Article III of the Missouri Constitution shall be construed as limiting in any way the powers of the Missouri general assembly to

---

[3] This initiative petition was plaintiff's third attempt with regard to this amendment; see Sections "E" and "L" above.

appropriate, eliminate, reduce, deny, or withhold any
public funds?  (Exhibit 53)

143.    By letter dated July 17, 2009, the Secretary gave final approval to the

form of the petition for circulation a copy of which is attached hereto, marked

"Exhibit 54" and by reference made a part hereof.

144.    The language of the ballot title proposed by plaintiffs is nearly

identical to the language of The Restoration of Legislative Control Amendment and

consists of 44 words, including articles and citations (Exhibits 52 and 53).

### M(i)  *Secretary Provides a Summary Statement*

145.    After certifying the form of the petition, the Secretary provided a

summary statement consisting of 89 words, including articles and citations.

Missouri law requires the Secretary to draft a "concise statement not exceeding one

hundred words." R.S.Mo. § 116.334. The statement must use language "neither

intentionally argumentative nor likely to create prejudice either for or against the

proposed measure." Id.

146.    On August 6, 2009, the Secretary certified the following 89 word

summary statement "b" (Exhibit 55) which, for purposes of comparison, is set forth

next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended so that nothing in Section 38(d) of Article III of the Missouri Constitution shall be construed as limiting in any way the powers of the Missouri general assembly to appropriate, eliminate, reduce, deny, or withhold any public funds? | Shall the Missouri Constitution be amended to repeal current provisions approved by voters in 2006 which guaranteed Missouri patients access to stem cell therapies and cures and permitted researchers to conduct stem cell research in accordance with federal law by:<br><br>• allowing the Missouri legislature or state officials to eliminate, reduce or deny access to state funds for institutions involved in stem cell research, therapies and cures; and<br><br>• allowing the Missouri legislature or state officials to ban or limit the access of Missourians to stem cell research, therapies and cures? |

A copy of the Secretary's Certification of Official Ballot Title dated August 6, 2009, is attached hereto, marked "Exhibit 55," and by reference made a part hereof.   The above summary statement (b) is contained in a letter dated August 6, 2009 from Waylene Hiles, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 56" and by reference made a part hereof.

147.   The Secretary drafted and issued the above summary statement (b) in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### M(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

148.    On July 7, 2009, the Secretary forwarded the initiative petition sample sheet concerning The Restoration of Legislative Control Amendment to the Auditor and requested a fiscal note and fiscal note summary.

149.    The Auditor's 40 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal impact on state and local governmental entities if state funds for certain research activities are eliminated, reduced, denied, or withheld. However, the total costs to state and local governmental entities are unknown. (Exhibit 55)

150.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of The Restoration of Legislative Control Amendment, but those comments did not comply with the statutory requirement that such proposed statements be "in a manner consistent with the standards of the government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo. § 116.175.1.

151.    More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

152.    By Certification of Official Ballot Title dated August 6, 2009, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 55" and by reference made a part hereof.

153.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

### N. **Restoration of Appropriations Power Amendment II**

154.    On July 6, 2009, pursuant to R.S.Mo. §116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would assure the power of the Missouri general assembly over appropriations of money and public funds by repealing section 38(d) of Article III of the Missouri Constitution, which purports to divest the appropriations power of the general assembly relating to stem cell and other research (hereinafter, "The Restoration of Appropriations Power Amendment").[4]  The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be

---

[4] This initiative petition was plaintiff's second attempt with regard to this amendment; see Section "F" above.

added to the Missouri Constitution. A copy of the sample petition is attached hereto as Exhibit 57.

155.    The Restoration of Appropriations Power Amendment seeks to add the following language to the Missouri constitution to restore legislative control over public funding of research purportedly permitted by Section 38(d) of the Constitution:

> Section 38(e).  In order to assure the power of the Missouri general assembly over appropriations of money and public funds, Section 38(d) of Article III of the Constitution of Missouri is hereby repealed. (Exhibit 57)

156.    Together with the sample petition, plaintiffs submitted a proposed ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to assure the power of the Missouri general assembly over appropriations of money and public funds by repealing Section 38(d) of Article III?  (Exhibit 58)

157.    By letter dated July 17, 2009, the Secretary gave final approval to the form of the petition for circulation, a copy of which is attached hereto, marked "Exhibit 59" and by reference made a part hereof.

158.    The language of the ballot title proposed by plaintiffs is nearly identical to the language of the Restoration of Appropriations Power Amendment and consists of 29 words, including articles and citations (Exhibits 57 and 58).


**N(i)  *Secretary Provides a Summary Statement***

159.    After certifying the form of the petition, the Secretary provided a summary statement consisting of 51 words, including articles and citations.

Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." R.S.Mo. § 116.334. The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

160.    On August 6, 2009, the Secretary certified the following 51 word summary "b" (Exhibit 60) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
| --- | --- |
| Shall the Missouri Constitution be amended to assure the power of the Missouri general assembly over appropriations of money and public funds by repealing Section 38(d) of Article III? | Shall the Missouri Constitution be amended to repeal the "Missouri Stem Cell Research and Cures Initiative" approved by voters in November 2006 which banned human cloning and guaranteed Missouri patients access to stem cell therapies and cures and permitted Missouri researchers to conduct stem cell research in accordance with federal law? |

A copy of the Secretary's Certification of Official Ballot Title dated August 6, 2009, is attached hereto, marked "Exhibit 60," and by reference made a part hereof.  The above summary statement (b) is contained in a letter dated August 6, 2009 from Waylene Hiles, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 61" and by reference made a part hereof.

### N(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

161.    The Secretary forwarded the sample petition page concerning The Restoration of Appropriations Power Amendment to the Auditor and requested a fiscal note and fiscal note summary.

162.    The Auditor's 40 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal impact on state and local governmental entities due to the repeal of certain research activities currently authorized by the Missouri Stem Cell Research and Cures Initiative in the Missouri Constitution.  However, the total costs to state and local governmental entities are unknown.  (Exhibit 60)

163.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the Auditor accepted and considered comments, which purported to be "statements of fiscal impact" estimating the costs of the Restoration of Appropriations Power Amendment, but those comments did not comply with the statutory requirement that such proposed statements be "in a manner consistent with the standards of the government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo. § 116.175.1.

164.    More specifically, the Auditor considered and included various purported "statements of fiscal impact" that did not comply with the "standards of the governmental accounting standards board" or with § 23.140, R.S.Mo., and instead are regurgitations of information submitted in opposition to various other proposed constitutional amendments, including without limitation other amendments proposed by plaintiffs as well as other, unrelated, proposed amendments submitted by other, unrelated, groups and/or individuals.

165.    By Certification of Official Ballot Title dated August 6, 2009, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs,

a copy of which is attached hereto, marked "Exhibit 60" and by reference made a part hereof.

166.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

## O.  Restoration of Appropriations Power Amendment III

167.    On July 6, 2009, pursuant to R.S.Mo. §116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would assure the power of the Missouri general assembly over appropriations of money and public funds by repealing section 38(d) of Article III of the Missouri Constitution, which purports to divest the appropriations power of the general assembly relating to stem cell and other research (hereinafter, "The Restoration of Appropriations Power Amendment").[5]  The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution. A copy of the sample petition is attached hereto as Exhibit 62.

---

[5] This initiative petition was plaintiff's third attempt with regard to this amendment; see Sections "F" and "N" above.

168.    The Restoration of Appropriations Power Amendment seeks to add

the following language to the Missouri constitution to restore legislative control

over public funding of research purportedly permitted by Section 38(d) of the

Constitution:

> Section 38(d) of Article III of the Constitution is repealed,
> and one new section is adopted by adding one new section to
> be known as section 38(e) of Article III in lieu thereof to read
> as follows:
>
> Section 38(e).  In order to assure the power of the Missouri
> general assembly over appropriations of money and public
> funds, Section 38(d) of Article III of the Constitution of
> Missouri is hereby repealed. (Exhibit 62)

169.    Together with the sample petition, plaintiffs submitted a proposed

ballot substantially tracking the language of the proposed amendment as follows:

> Shall the Missouri Constitution be amended to assure
> the power of the Missouri general assembly over
> appropriations of money and public funds by repealing
> Section 38(d) of Article III?  (Exhibit 63)

170.    By letter dated July 17, 2009, the Secretary gave final approval to the

form of the petition for circulation, a copy of which is attached hereto, marked

"Exhibit 64" and by reference made a part hereof.

171.    The language of the ballot title proposed by plaintiffs is nearly

identical to the language of the Restoration of Appropriations Power Amendment

and consists of 29 words, including articles and citations (Exhibits 62 and 63).


### O(i)  *Secretary Provides a Summary Statement*

172.    After certifying the form of the petition, the Secretary provided a

summary statement consisting of 51 words, including articles and citations.

Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." R.S.Mo. § 116.334. The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

173.    On August 6, 2009, the Secretary certified the following 51 word summary "b" (Exhibit 65) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended to assure the power of the Missouri general assembly over appropriations of money and public funds by repealing Section 38(d) of Article III? | Shall the Missouri Constitution be amended to repeal the "Missouri Stem Cell Research and Cures Initiative" approved by voters in November 2006 which banned human cloning and guaranteed Missouri patients access to stem cell therapies and cures and permitted Missouri researchers to conduct stem cell research in accordance with federal law? |

A copy of the Secretary's Certification of Official Ballot Title dated August 6, 2009, is attached hereto, marked "Exhibit 65," and by reference made a part hereof.  The above summary statement (b) is contained in a letter dated August 6, 2009 from Waylene Hiles, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 66" and by reference made a part hereof**.**

### O(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

174.    The Secretary forwarded the sample petition page concerning The

Restoration of Appropriations Power Amendment to the Auditor and requested a

fiscal note and fiscal note summary.

175.    The Auditor's 40 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities due to
> the repeal of certain research activities currently
> authorized by the Missouri Stem Cell Research and
> Cures Initiative in the Missouri Constitution.  However,
> the total costs to state and local governmental entities
> are unknown.  (Exhibit 65)

176.    In violation of her statutory duties under R.S.Mo. § 116.175.1, the

Auditor accepted and considered comments, which purported to be "statements of

fiscal impact" estimating the costs of the Restoration of Appropriations Power

Amendment, but those comments did not comply with the statutory requirement

that such proposed statements be "in a manner consistent with the standards of the

government accounting standards board and section 23.140, R.S.Mo."  R.S.Mo. §

116.175.1.

177.    More specifically, the Auditor considered and included various

purported "statements of fiscal impact" that did not comply with the "standards of

the governmental accounting standards board" or with § 23.140, R.S.Mo., and

instead are regurgitations of information submitted in opposition to various other

proposed constitutional amendments, including without limitation other

amendments proposed by plaintiffs as well as other, unrelated, proposed

amendments submitted by other, unrelated, groups and/or individuals.

178.    By Certification of Official Ballot Title dated August 6, 2009, the Secretary certified the summary statement and fiscal note summary, and delivered copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs, a copy of which is attached hereto, marked "Exhibit 65" and by reference made a part hereof.

179.    The Auditor drafted and issued the above fiscal note in language specifically designed to negatively affect voters' perceptions of and reactions to the proposed amendment, and in direct violation of the requirement of § 116.334, R.S.Mo., that such statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure."

## P.  <u>Missouri Taxpayer Protection Amendment</u>

180.    On September 11, 2009, pursuant to RS Mo. § 116.332, plaintiffs submitted to the Secretary a sample petition page for an amendment to the Missouri Constitution that would amend Article III, Section 38 of the Missouri Constitution by adding a section prohibiting the use of taxpayer (public) funds for abortion services, human cloning, or prohibited human research as those terms are defined in RS Mo. § 196.1127, (hereinafter "The Missouri Taxpayer Protection Amendment"). The sample petition page includes the proposed form of the petition as it would actually be circulated to Missouri voters to obtain their signatures. In addition to signature blanks and certain language required by statute, the petition page also includes the actual language sought to be added to the Missouri Constitution. A copy of the sample petition is attached hereto as Exhibit 67.

181.    The Missouri Taxpayer Protection Amendment seeks to add the

following language to the Missouri Constitution:

One new section is adopted by adding one new section
to be known as section 38(e) of Article III to read as
follows:

Section 38(e).1.    This section shall be known as the
"Missouri Taxpayer Protection Initiative."

2.    It shall be unlawful to expend, pay, or grant any
public funds for abortion not medically necessary to
save the life of the mother, for abortion services, for
human cloning, or for prohibited human research.

3.    As used in this section, the following terms have
the following meanings, provided, however, that
nothing in this section shall be construed to prevent the
state from receiving or using funding under any federal
public health acts, regulations, or programs existing as
of September 11, 2009:

a.    "Abortion" means the intentional
destruction of the life of an embryo or fetus in
his or her mother's womb or the intentional
termination of the pregnancy of a mother with
an intention other than to increase the
probability of a live birth or to remove a dead or
dying unborn child.

b.    "Abortion services" means performing,
inducing, or assisting with abortions, or
encouraging patients to have abortions, referring
patients for abortions, not medically necessary
to save the life of the mother, or development of
drugs, chemicals, or devices intended to be used
to induce an abortion.

c.    "Child" means a human being recognized as
a minor pursuant to the laws of this state,
including if in vivo, an unborn child, and if in
vitro, a human being at any of the stages of
biological development of an unborn child from
conception or inception onward.

d.    "Human cloning" means the creation of a human being by any means other than by the fertilization of an oocyte of a human female by a sperm of a human male.

e.    "Prohibited human research" means research in a research project in which there is the taking or utilization of the organs, tissues, or cellular material of:

i.    A deceased child, unless consent is given by the parents in a manner as may be provided by law relating to anatomical gifts, and neither parent caused or contributed to the cause of the death of such child or consented to another person causing or contributing to the causing of the death of such child;

ii.    A living child, when the intended or likely result of such taking or utilization is to kill or cause harm to the health, safety, or welfare of such child, or when the purpose is to target such child for possible destruction in the future.

f.    "Public funds" means

i.    Any moneys received or controlled by the state of Missouri or any official, department, division, agency, or political subdivision thereof, including but not limited to moneys derived from federal, state or local taxes, gifts, or grants from any source, settlements of any claims or causes of action, public or private, bond proceeds, federal grants or payments, or intergovernmental transfers;

ii.    Any moneys received or controlled by an official, department, division, or agency of state government or any political subdivision thereof, or by any person or entity pursuant to appropriation by the general assembly or

governing body of any political
subdivision of this state.

g.    "Unborn child" means the offspring of
human beings from the moment of conception
until birth and at every stage of its biological
development, including the human conceptus,
zygote, morula, blastocyst, embryo, and fetus.

4.    The provisions of this section are self-executing.
All of the provisions of this section are severable.  If any
provision of this section is found by a court of
competent jurisdiction to be unconstitutional or
unconstitutionally enacted, the remaining provisions of
this section shall be and remain valid.  (Exhibit 67)

182.   Together with the sample petition, plaintiffs submitted a proposed

ballot substantially tracking the language of the proposed amendment as follows:

Shall the Missouri Constitution be amended to make it
unlawful to expend, pay, or grant any public funds for
abortion not medically necessary to save the live of the
mother, for abortion services, for human cloning, or for
prohibited human research?  (Exhibit 68)

183.   By letter dated September 25, 2009, the Secretary gave final approval

to the form of the petition for circulation, a copy of which is attached hereto, marked

"Exhibit 69," and by reference made a part hereof.

184.   The language of the ballot title proposed by plaintiffs is nearly

identical to the language of The Missouri Taxpayer Protection Amendment and

consists of 41 words, including articles and citations (Exhibits 67 and 68).


### P(i)  *Secretary Provides a Summary Statement*

185.   After certifying the form of the petition, the Secretary provided a

summary statement consisting of 61 words, including articles and citations.

Missouri law requires the Secretary to draft a "concise statement not exceeding one hundred words." RS Mo. § 116.334.  The statement must use language "neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." Id.

186.    On October 19, 2009, the Secretary certified the following 61 word summary statement "b" (Exhibit 70) which, for purposes of comparison, is set forth next to plaintiff's proposed summary statement "a," as follows:

| (a) Plaintiffs' Summary Statement | (b) Secretary's Summary Statement |
|---|---|
| Shall the Missouri Constitution be amended to make it unlawful to expend, pay, or grant any public funds for abortion not medically necessary to save the live of the mother, for abortion services, for human cloning, or for prohibited human research? | Shall the Missouri Constitution be amended to make it illegal for the legislature or state or local governments to expend, pay, or grant public funds to hospitals or other institutions for certain research and services, including abortions not medically necessary to save the life of the mother, abortion services, and certain types of stem cell research currently allowed under Missouri law? |

A copy of the Secretary's Certification of Official Ballot Title dated October 19, 2009, is attached hereto, marked "Exhibit 70," and by reference made a part hereof.  The above summary statement (b) is contained in a letter dated October 19, 2009, from Waylene Hiles, Deputy Secretary for Elections, to plaintiffs, a copy of which is attached hereto, marked "Exhibit 71" and by reference made a part hereof.

### P(ii)  *Auditor Provides a Fiscal Note and Fiscal Note Summary*

187.    On September 14, 2009, the Secretary forwarded the initiative

petition sample sheet concerning The Missouri Taxpayer Protection Amendment to

the Auditor and requested a fiscal note and fiscal note summary.

188.    The Auditor's 53 word fiscal note summary states as follows:

> This proposal could have a significant negative fiscal
> impact on state and local governmental entities by
> prohibiting the use of public funds for certain research
> activities. Federal grants to state governmental entities
> for research and medical assistance programs may be in
> jeopardy. The total costs to state and local
> governmental entities are unknown. (Exhibit 70)

189.    In violation of her statutory duties under RS Mo. § 116.175.1, the

Auditor accepted and considered comments, which purported to be "statements of

fiscal impact" estimating the costs of The Taxpayer Protection Amendment but

those comments did not comply with the statutory requirement that such proposed

statements be "in a manner consistent with the standards of the government

accounting standards board and section 23.140, R.S.Mo."  RS Mo. § 116.175.1.

190.    More specifically, the Auditor considered and included various

purported "statements of fiscal impact" that did not comply with the "standards of

the governmental accounting standards board" or with § 23.140, R.S.Mo., and

instead are regurgitations of information submitted in opposition to various other

proposed constitutional amendments, including without limitation other

amendments proposed by plaintiffs as well as other, unrelated, proposed

amendments submitted by other, unrelated, groups and/or individuals.

191.    By Certification of Official Ballot Title dated October 19, 2009, the
Secretary certified the summary statement and fiscal note summary, and mailed
copies of the official ballot title and fiscal note and fiscal note summary to plaintiffs,
a copy of which is attached hereto, marked "Exhibit 70" and by reference made a
part hereof.

192.    The Auditor drafted and issued the above fiscal note in language
specifically designed to negatively affect voters' perceptions of and reactions to the
proposed amendment, and in direct violation of the requirement of § 116.334,
R.S.Mo., that such statement must use language "neither intentionally argumentative
nor likely to create prejudice either for or against the proposed measure."

**Q. <u>Injuries and Damages</u>**

193.    The plaintiffs have been and continue to be injured and damaged by
defendants' actions above-described, in that plaintiff's work and effort to place
certain initiatives before the voters of Missouri, all in accordance with Missouri law,
have been continuously and persistently stymied and frustrated by the defendants,
and each of them, at great cost both in time and money to plaintiffs, and in violation
both of Missouri law and in violation of the Constitution of the United States of
America.  Additionally, plaintiffs cannot reasonably proceed to exercise their rights
under the law to present initiative petitions before Missouri voters, because of the
defendants' actions and the pattern of conduct that defendants have displayed as
mentioned herein.

## COUNT I

**Section 1983 Claim Of Plaintiffs Against Secretary Robin Carnahan For Violation Of Plaintiffs' Free Speech Rights Under The United States Constitution**

194.    Plaintiffs reincorporate by reference paragraphs 1-166.

195.    Defendant Secretary Robin Carnahan violated the federal constitutional rights of plaintiffs by which plaintiffs are guaranteed the right to free speech, under the United States Constitution.

## COUNT II

**Section 1983 Claim Of Plaintiffs Against Auditor Susan Montee For Violation Of Plaintiffs' Free Speech Rights Under The United States Constitution**

196.    Plaintiffs reincorporate by reference paragraphs 1-168.

197.    Defendant Auditor Susan Montee violated the federal constitutional rights of plaintiffs by which plaintiffs are guaranteed the right to free speech, under the United States Constitution.

## COUNT III

**Section 1983 Claim Of Plaintiffs Against Secretary Robin Carnahan and Auditor Susan Montee For Conspiring To Violate Their Free Speech Rights Under The United States Constitution**

198.    Plaintiffs reincorporate by reference paragraphs 1-170.

199.    Defendants Secretary Robin Carnahan and Auditor Susan Montee conspired together to violate the federal constitutional rights of plaintiffs by which plaintiffs are guaranteed the right to free speech, under the United States Constitution.

## COUNT IV

**Section 1983 Claim Of Plaintiffs Against Secretary Robin Carnahan For Violation Of Plaintiffs' Rights Under The United States Constitution To Petition The Government For A Redress Of Grievances**

200.    Plaintiffs reincorporate by reference paragraphs 1-172.

201.    Defendant Secretary Robin Carnahan violated the federal

constitutional rights of plaintiffs by which plaintiffs are guaranteed the right to

petition the government for a redress of grievances, under the United States

Constitution.

## COUNT V

**Section 1983 Claim Of Plaintiffs Against Auditor Susan Montee For Violation Of Plaintiffs' Rights Under The United States Constitution To Petition The Government For A Redress Of Grievances**

202.    Plaintiffs reincorporate by reference paragraphs 1-174.

203.    Defendant Auditor Susan Montee violated the federal constitutional

rights of plaintiffs by which plaintiffs are guaranteed the right to petition the

government for a redress of grievances, under the United States Constitution.

## COUNT VI

**Section 1983 Claim Of Plaintiffs Against Secretary Robin Carnahan and Auditor Susan Montee For Conspiring To Violate Plaintiffs' Rights Under The United States Constitution To Petition The Government For A Redress Of Grievances**

204.    Plaintiffs reincorporate by reference paragraphs 1-176.

205.    Defendants Secretary Robin Carnahan and Auditor Susan Montee

conspired together to violate the federal constitutional rights of plaintiffs by which

plaintiffs are guaranteed the right to petition the government for a redress of grievances, under the United States Constitution.

## COUNT VII

### Section 1983 Claim Of Plaintiffs Against Secretary Robin Carnahan For Violation Of Plaintiffs' Due Process Rights Under The United States Constitution

206.    Plaintiffs reincorporate by reference paragraphs 1-178.

207.    Defendant Secretary Robin Carnahan violated plaintiff's federal constitutional right to due process, under the United States Constitution.

## COUNT VIII

### Section 1983 Claim Of Plaintiffs Against Auditor Susan Montee For Violation Of Plaintiffs' Due Process Rights Under The United States Constitution

208.    Plaintiffs reincorporate by reference paragraphs 1-180.

209.    Defendant Auditor Susan Montee violated plaintiff's federal constitutional right to due process, under the United States Constitution.

## COUNT IX

### Section 1983 Claim Of Plaintiffs Against Secretary Robin Carnahan and Auditor Susan Montee For Conspiring To Violate Plaintiffs' Due Process Rights Under The United States Constitution

210.    Plaintiffs reincorporate by reference paragraphs 1-182.

211.    Defendants Secretary Robin Carnahan and Auditor Susan Montee conspired together to violate plaintiff's federal constitutional right to due process, under the United States Constitution.

## COUNT X

**State Claim Of Plaintiffs Against Secretary Robin Carnahan For Violation Of Section 116.334, Revised Statutes of Missouri**

212.   Plaintiffs reincorporate by reference paragraphs 1-184.

213.   Defendant Secretary Robin Carnahan violated the provisions and requirements of Section 116.334, Revised Statutes of Missouri, to plaintiffs' damage and injury.

## COUNT XI

**State Claim Of Plaintiffs Against Secretary Robin Carnahan and Auditor Susan Montee For Conspiring To Violate Section 116.334, Revised Statutes of Missouri**

214.   Plaintiffs reincorporate by reference paragraphs 1-186.

215.   Defendants Secretary Robin Carnahan and Auditor Susan Montee conspired together to violate Section 116.334, Revised Statutes of Missouri, to plaintiffs' damage and injury.

## Relief Requested

WHEREFORE, plaintiffs pray for the following relief:

(a)   Declaratory and injunctive relief forbidding defendants, and each of them, from doing in the future that which they have been alleged to have done herein, as there is a substantial danger that absent such relief they will continue to do what they have done, and plaintiffs' remedy at law is inadequate;

(b)   An injunction issue forbidding any and all "statement(s) of fiscal impact" or "fiscal note(s)" or "fiscal note summary(ies)" accompanying or related to the initiative petitions mentioned herein, where such "statement(s) of fiscal impact"

or "fiscal note(s)" or "fiscal note summary(ies)" fail to adhere to the statutory requirement that the same be prepared "in a manner consistent with the standards of the government accounting standards board and section 23.140, R.S.Mo." as required by § 116.175.1, R.S.Mo., and unless and until such statements are approved by the court;

(c)     An injunction issue forbidding any and all "summary statement(s)" accompanying or related to the initiative petitions mentioned herein, where such "summary statement(s)" use language that is either "intentionally argumentative" or "likely to create prejudice either for or against the proposed measure" as prohibited by § 116.334, R.S.Mo., and unless and until such statements are approved by the court;

(d)     Actual, compensatory, and nominal damages from defendants Robin Carnahan and Susan Montee in their individual capacities, jointly and severally;

(e)     Punitive damages as allowed by law;

(f)     Costs as provided by law;

(g)     Attorney fees and other expenses as provided by law under 42 U.S.C. § 1988; and

(h)     Such other and further relief as to this Court may seem appropriate.

HEARNE & BENDICK L.L.C.

_____

Matthew H. Hearne  #43482
7711 Bonhomme, Suite 330
St. Louis, Missouri  63105
Telephone 314.863.0200
Telefax 314.863.4247
mhearne@hb-law.com

Attorneys for plaintiffs